UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLLINOIS
CHICAGO DIVISION

NANCY QUINN,

    Plaintiff,

Case No:

v.

SELECT REHABILITATION LLC

    Defendant.

_____.

**COMPLAINT FOR VIOLATIONS OF THE ANTI-RETALIATION PROVISION OF THE FEDERAL FALSE CLAIMS ACT and ILLINOIS WHISTLEBLOWER ACT**

Plaintiffs, NANCY Quinn, sues Defendant, SELECT REHABILITATION LLC (hereinafter "Select" or "Defendant") to recover damages and civil penalties pursuant to 31 U.S.C. §3730 of the Federal False Claims Act and 740 ILCS 174 of the Illinois Whistleblower Act and state as follows:

**INTRODUCTION**

1. Pursuant to both the Anti-Retaliation provisions of the Federal False Claims Act and the Illinois Whistleblower Act, this is an action to declare Defendant in violation of the same and seek recovery for damages incurred as a result of Defendant's unlawful retaliation.

2. At the time that Plaintiff was an employee of Defendant serving as a Certified Occupational Therapy Assistant (hereinafter "COTA") and Program

Director, Plaintiff learned of fraudulent billing practices and reported their existence to the Defendant.

3. In swift response, the Defendant took adverse employment action against Plaintiff, including but not limited to demoting Plaintiff to a lower position, reassigning Plaintiff to a new location and, ultimately, terminating Plaintiff.

## JURISDICTION AND VENUE

4. This is an action for Plaintiff's claim greater than $75,000.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Federal False Claims Act ("FCA"), 31 U.S.C. §3730.

6. This Court has Supplemental Jurisdiction over the Illinois State Law claim related to violation of the Illinois Whistleblower Act as the claims in both causes of action form part of the same case or controversy, pursuant to 28 U.S.C. 1367(a).

7. This Court has personal jurisdiction over this Defendant because the acts alleged herein occurred within this District and Defendant operates continued business within this District.

8. Venue is proper in that the Defendant operates its business within this district and a substantial portion of the events or omission occurred within this district.

## THE PARTIES

9. Plaintiff, NANCY QUINN, formerly known as Nancy Girolamo, resides in Illinois and within this District. She was hired by Defendant approximately in January 2023 as COTA and Program Director and worked for Defendant in this state until approximately February 5, 2024, as a salaried employee.

10. Plaintiff was an employee within the definition of the Illinois Whistleblower Act as Plaintiff was employed by Defendant on a full-time basis by an employer, pursuant to 740 ILCS 174/5.

## Defendant SELECT REHABILITATION LLC

11. Defendant, SELECT REHABILITATION LLC (hereinafter Defendant and/or "Select"), is a Foreign (Delaware) for Profit Limited Liability Corporation, with its principal place of business located at 2600 Compass Rd, Glenview, IL 60026, and who all times material hereto, has routinely and consistently conducted business in the State of Illinois through its numerous fixed offices and locations, including in this district.

12. As stated by Defendant on their website, Defendant is a company which is: "The premier provider of contract rehabilitation, as well as for nurse and therapy consulting services" and employs over 17,000 therapists in the U.S."

13. Defendant also reports that it has 2,300 facilities operating in 43 States in the US, including numerous locations in Florida and within this District. Upon information and belief, Defendant employs anywhere from 5 to 20 or more therapists

(including pathologists) at these locations, even more if counting per diem therapists, such that Defendant employs nearly 32,000 or more employees.

14. Defendant is an employer within the definition of the Illinois Whistleblower Act, as Defendant is a company that has one or more employees within the State of Illinois, pursuant to 740 ILCS 174/5.

## **GENERAL FACT ALLEGATIONS**

15. The Plaintiff was hired by Defendant on January 9, 2023, as a COTA and Program Director.

16. At no point prior to the incidents of fraudulent activity was Plaintiff placed on notice of any problems or deficiencies in her performance as an employee of Defendant.

17. In the performance of her job, she learned of at least two incidents of Medicare fraud in which an employee and therapist of the Defendant billed for treatment of a patient. Specifically, Centers for Medicare & Medicaid Services (hereinafter "CMS") was billed for two or more dates of treatment which did not occur.

18. Centers for Medicare & Medicaid Services is the federal governmental agency that provides health coverage through Medicare and Medicaid.

19. Plaintiff performed the responsible next step after discovering this fraudulent activity by immediately reporting the issue to Regional Manager Maria Gertos, an employee of Defendant.

20. Plaintiff stated to Ms. Gertos that Defendant would need to report the fraudulent billing to CMS and reverse the claim to undue the fraudulent billing.

21. Plaintiff expressed to Ms. Gertos her concerns about reporting this information to the corporate office and compliance department. Ms. Gertos did not elect to make the report herself, instead encouraging Plaintiff to do so.

22. Plaintiff reported the incident to Defendant's compliance department.

23. Within a short period of time and contemporaneous with Plaintiff's reporting of the fraudulent billing, Defendant gave Plaintiff a written warning vaguely asserting "concerns" regarding Plaintiff's performance and informing her that she would be demoted to a treating clinician and assigned to a new location.

24. The same day as the written notice, February 5, 2024, Defendant fired Plaintiff and had Plaintiff escorted from the building.

## COUNT I

## VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FEDERAL FALSE CLAIMS ACT

25. Plaintiff realleges and incorporate by reference paragraphs one (1) through 24 of this Complaint and fully restate and reallege all facts and claims herein as if fully stated.

26. Pursuant to 31 U.S.C. § 3730(h)(1), it is unlawful for an employer to discharge, demote, suspend, threaten, harass or in any other manner discriminate against an employee for lawful acts to stop 1 or more violations of this subchapter.

27. Pursuant to 31 U.S.C. § 3729(a)(1)(A), it is unlawful for any person to knowingly present or cause to be presented a false or fraudulent claim for payment or approval to the United States Government or another party on behalf of the United States Government.

28. Plaintiff's report of fraudulent billing sent to CMS for treatment that never occurred fit squarely into protected activity under the Anti-Retaliation provisions of the Federal False Claims Act.

29. Defendant's refusal to do so is nothing more than an attempt to hide fraudulent activity, which at best could be perceived as an attempt to avoid the embarrassment and additional scrutiny of a potential audit by CMS and at worst a blatant motivation for greed over truth.

30. Plaintiff's refusal to go along with sweeping this illegal action under the rug left the Defendant with little other choice than to create a pretextual reason to take adverse employment action against Plaintiff, whom Defendant had never reported any problem with until the time of the report.

31. Defendant's subsequent outrageous action in demoting, relocating and terminating Plaintiff for engaging in the protected activity of reporting fraud is the exact type of evil intended to be punished by the Federal False Claims Act.

32. As a direct result of the Defendant's unlawful and malicious retaliation, Plaintiff suffered damages both financially and emotionally.

## COUNT II

## **VIOLATION OF ILLINOIS WHISTLEBLOWER ACT**

33. Plaintiff realleges and incorporates all the allegations in paragraphs one (1) through 24 of this Complaint and fully restate and reallege all facts and claims as if fully stated herein.

34. Pursuant to 749 ILCS 174/20, it is unlawful for an employer to retaliate against an employee for refusing to participate in an activity that would result in a violation of State or Federal law.

35. Pursuant to 749 ILCS 174/20.1, it is unlawful for an employer to retaliate against an employee for disclosing or attempting to disclose public corruption or wrongdoing.

36. As previously alleged in Count I, Plaintiff's refusal to turn a blind eye to the wrongdoing of the Defendant in its fraudulent billing and the swift retaliation against Plaintiff for the same demonstrate a violation of these sections of Illinois law.

37. Plaintiff's report of fraudulent billing sent to CMS for treatment that never occurred fits squarely into protected activity under the Illinois Whistleblower Act.

38. Defendant's refusal to do so is nothing more than an attempt to hide fraudulent activity, which at best could be perceived as an attempt to avoid the embarrassment and additional scrutiny of a potential audit by CMS and at worst a blatant motivation for greed over truth.

39. Plaintiff's refusal to go along with sweeping this illegal action under the rug left the Defendant with little other choice than to create a pretextual and false basis to take adverse employment action against Plaintiff, whom Defendant had never reported any problem with until the time of the report.

40. Defendant's subsequent outrageous actions in demoting, relocating and terminating Plaintiff for engaging in the protected activity of reporting fraud is the exact type of evil intended to be punished by the Illinois Whistleblower Act.

41. As a direct result of the Defendant's unlawful and malicious retaliation, Plaintiff suffered damages both financially and emotionally.

## **DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiff, NANCY QUINN, seeks the following relief:

a. Immediate reinstatement to a Program Manager position no more than 30 miles from her place of residence and award back pay in twice the amount the Plaintiff would have had but for the discrimination with interest, pursuant to 31 U.S.C. 3730(h)(2) and 740 ILCS 174/30;

b. That the Court find and declare Defendant in violation of the Anti-Retaliation provision of the Federal False Claims Act and the Illinois Whistleblower Act and award Plaintiff compensatory damages, costs of litigation and reasonable attorneys' fees as required under 31 U.S.C. §3730(h)(2) and 740 ILCS 174/30(3);

c. Award pre-judgment and post-judgment interest, as provided by law;

d. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted May 6, 2024.

>  */s/Mitchell L. Feldman*
> **Mitchell L. Feldman, Esq**
> Florida Bar No. 0080349
> FELDMAN LEGAL GROUP
> 12610 Race Track Road, Suite 225
> Tampa, Florida 33626
> Tel: (813) 639-9366
> Fax: (813) 639-9376
> Mfeldman@flandgatrialattorneys.com
> Mail@feldmanlegal.us
> *Lead counsel and attorney for Plaintiff*